UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Zack McCain,

    Plaintiff,

  v.

Buffalo Wild Wings, Jan
Company/Burger King,
Martti Matheson, Eric
Felkowski, and Matt
Cunningham,

    Defendants.

File No. 1:11-cv-143-jgm

<u>ORDER</u>
(Docs. 36 and 37)

Plaintiff Zack McCain, proceeding *pro se*, brings this action claiming he was the victim of employment discrimination. After two Defendants filed motions to dismiss, the Court granted one of the motions in part and allowed McCain leave to file an Amended Complaint. Now pending are McCain's motions to amend and supplement his initial Complaint. (Docs. 36 and 37.)

Defendants oppose the motions to amend, arguing (1) McCain's request to add new parties is improper, and (2) his proposed amendments merely reassert claims that were previously dismissed. For the reasons set forth below, the motions to amend are GRANTED in part and DENIED in part. Specifically, the addition of new parties will not be allowed, but McCain may amend his allegations regarding the original Defendants.

## Factual and Procedural Background

The original Complaint alleged that McCain, who is African-American, was the victim of two separate instances of discrimination. The first allegedly occurred while he was seeking employment at a Buffalo Wild Wings restaurant in Burlington, Vermont. The second occurred while he worked at a Burger King restaurant in Colchester, Vermont. McCain's legal claims include allegations of race and national origin discrimination in violation of 42 U.S.C. § 1985(3) and Title VII of the Civil Rights Act of 1964; violations of his right to enter into a contract under 42 U.S.C. § 1981; violations of the Equal Protection, Due Process, and Privileges and Immunities Clauses; violation of his constitutional right to travel; and violation of Vermont's anti-discrimination law, 21 V.S.A. § 495(a)(1).

In response to the initial Complaint, Defendants Martti Matheson and Jan Company/Burger King ("Burger King") each filed motions to dismiss. (Docs. 12 and 14.) In its ruling on Matheson's motion to dismiss, the Court found, among other things, that McCain's section 1981 claim was barred because he was alleging discrimination on the basis of national origin, rather than race. The Court also concluded that the Title VII claim against Matheson failed because such a claim may not be brought against an individual business owner. Finally, the Court found McCain had not alleged sufficient facts to support his

conspiracy claim. The Court denied Burger King's motion to dismiss.

The Court also ruled on McCain's pending motion to amend his Complaint. The Court denied the motion, finding several of his proposed claims futile, but granted leave to file another Amended Complaint. Now before the Court are McCain's subsequent motions to amend.

## Discussion

### I. Joinder of New Parties

Among McCain's proposed amendments is the addition of new defendants, each of whom allegedly discriminated against him in the course of his employment. The proposed defendants include Labor Ready, a temporary employment agency based in Seattle, Washington; Casella Waste Management; Tygate Corporation, doing business as the Windjammer Restaurant; and Salina Line, who appears to have been a Windjammer employee. While the claims against these proposed defendants are similar in nature to those being brought against the original Defendants, the alleged acts of discrimination are independent of the claims McCain raised in his initial Complaint.

The addition of new defendants is governed by the joinder provisions set forth in the Federal Rules of Civil Procedure. Rule 19 pertains to situations in which a party *must* be joined because (1) "in that person's absence, the court cannot accord

complete relief among existing parties," or (2) that person has an interest "so situated that disposing of the action in that person's absence" would "impair or impede" the person's interest or "leave an existing party subject to a substantial risk of incurring" multiple obligations because of that interest. Fed. R. Civ. P. 19(a). Here, McCain is seeking to add a group of employers whose interests are unrelated to those of the initial Defendants. Accordingly, joinder of the new parties is not required.

Rule 20 of the Federal Rules of Civil Procedure governs *permissive* joinder. Specifically, Rule 20(a)(2) allows the joinder of multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). "As is clear from the plain language of Rule 20(a)(2), both criteria must be met for joinder to be proper." Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009); see Moore's Federal Practice § 21.02 [1] (3d ed. 2009) ("Failure to satisfy either prerequisite for permissive joinder constitutes misjoinder of parties.").

Rule 21 of the Federal Rules of Civil Procedure, entitled "Misjoinder and Nonjoinder of Parties," provides that a court may

4

add or drop a party "at any time, on just terms." Fed. R. Civ. P. 21. A party is misjoined when it fails to satisfy any of the conditions for permissive joinder under Rule 20(a). See Benson v. RMJ Securities Corp., 683 F. Supp. 359, 377 (S.D.N.Y. 1988).

As noted previously, McCain is alleging a series of discriminatory acts by employers who were unrelated to either Buffalo Wild Wings or Burger King. In essence, he is seeking to bundle a group of similar, yet independent, events into a single discrimination suit. There is no single "transaction, occurrence, or series of transactions or occurrences" that would connect the newly-added parties in any way to the existing Defendants.

Separate acts of discrimination, standing alone, do not satisfy the requirements for permissive joinder. See, e.g, Digital Sins, Inc. v. John Does 1-245, 2012 WL 1744838, at *2 (S.D.N.Y. May 15, 2012) ("In this Circuit, the fact that a large number of people use the same method to violate the law does not authorize them to be joined as defendants in a single lawsuit.") (citing Nassau Cnty. Assoc. of Ins. Agents, Inc. v. Aetna Life & Casualty, 497 F.2d 1151, 1154 (2d Cir. 1974)). Accordingly, the Court finds that joinder of the proposed new defendants in this case would not be proper, and McCain's motions to amend his Complaint to add new parties (Docs. 36 and 37) are DENIED.

II. <u>Amended Claims</u>

McCain also seeks to amend his factual claims against the original Defendants. While several Defendants have objected to the addition of new parties, only one, Martti Matheson, argues that the proposed Amended Complaint is merely reasserting "claims the Court previously found to be futile." (Doc. 40 at 2.) McCain counters that the Court's prior order did not forbid him from bringing "new factual assertions." (Doc. 43 at 4.)

The Court's Opinion and Order, dated February 1, 2012, granted McCain leave to amend his Complaint, but directed him to omit "the futile claims discussed above." (Doc. 30 at 19.) Those claims included a Title VII cause of action against a business owner, and McCain does not reassert that claim in his most recent Amended Complaint. The Court also dismissed, among other things, a claim of race discrimination against Matheson, finding that "even a liberal reading of the Complaint" did not support such a claim. (Doc. 30 at 8.)

In his Amended Complaint, McCain alleges that a white job applicant at Buffalo Wild Wings, where Matheson was employed, was given a job while McCain was denied similar employment. This information was allegedly discovered in November 2011, six months after McCain filed his initial Complaint. (Doc. 36-1 at 7.) The Court's previous order did not forbid McCain from bringing new factual allegations, including newly-discovered evidence, against

6

existing Defendants.  If McCain has additional facts to support his claims of discrimination, conspiracy, retaliation, or other causes of action, he may add those in his Amended Complaint consistent with the liberal amendment standard set forth in Federal Rule of Civil Procedure 15(a).  <u>See</u> Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  Therefore, to the extent McCain seeks to supplement his factual allegations, the motions to amend (Docs. 36 and 37) are GRANTED.

## Conclusion

For the reasons set forth above, McCain's motions to amend (Docs. 36 and 37) are DENIED with respect to the addition of new defendants, and are otherwise GRANTED.  The Office of the Clerk of Court shall docket the Proposed Amended Complaint (Doc. 36-1) in its entirety as an Amended Complaint, but shall not add any newly-named defendants as parties.  Defendants shall respond to the Amended Complaint as required under the Federal Rules of Civil Procedure.

The Court notes that Defendants Felkowski and Cunningham have not been served.  McCain shall provide current addresses for the Defendants to the U.S. Marshal Service within 30 days of this order, or Defendants Felkowski and Cunningham may be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of December, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge