UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Zack McCain,                          :
                                      :
        Plaintiff,                    :
                                      :
    v.                                :    File No. 1:11-cv-143-jgm
                                      :
Buffalo Wild Wings,                   :
Jan Company/Burger King,              :
Martti Matheson,                      :
Eric Felkowski, and                   :
Matt Cunningham,                      :
                                      :
        Defendants.                   :

ORDER
(Docs. 62, 63, 69, 70, 72)

Plaintiff Zack McCain, proceeding *pro se*, brings this action alleging he has been the victim of employment discrimination and other civil rights violations.  All claims against Defendants Buffalo Wild Wings, Martti Matheson, Eric Felkowski, and Matt Cunningham were previously dismissed by stipulation.  Accordingly, the sole remaining Defendant in the case is Jan Company/Burger King ("Burger King").

McCain has several motions pending before the Court, including: a request for reconsideration of his motion for a waiver of court reporter fees or, in the alternative, appointment of *pro bono* counsel (Doc. 62); a motion to compel responses to his request for admissions (Doc. 63); a motion to allow an untimely filing (Doc. 69); and motions to amend the pleadings (Docs. 70, 72).  Also before the Court are McCain's motion for partial summary judgment, and amended motion for

partial summary judgment (Docs. 76, 77).  The Court will not address the latter two motions in this Order.

I.   Motion for Reconsideration

McCain requests reconsideration of his motion to waive the fees for a court reporter or, in the alternative, to appoint *pro bono* counsel.  Regarding his request for court reporter fees, McCain states that Burger King initially intended to depose him but ultimately chose not to do so.  He also contends that he will need to depose Burger King's expert witnesses, but there is no suggestion in the record that Burger King has retained an expert.  Discovery in the case is now closed.

Without any indication that a court reporter is still required, the Court sees no basis for granting McCain's motion.  Furthermore, McCain's *in forma pauperis* status does not entitle him to a free court reporter.  See, e.g., Espinal v. Coughlin, 1999 WL 1063186, at *2 (S.D.N.Y. Nov. 23, 1999) ("There is no authority that requires the federal government to pay for the discovery expenses of a *pro se* plaintiff in a civil case. . . ."); Doe v. United States, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) ("the *in forma pauperis* statute, 28 U.S.C. § 1915 [does not] require the Government to advance funds for deposition expenses").  The motion for

reconsideration is GRANTED, and the Court's prior ruling denying funds for a court reporter is AFFIRMED.

McCain also requests, in the alternative, appointment of *pro bono* counsel.  A litigant in a civil case has no constitutional right to appointed counsel.  See United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981).  However, "[t]he court may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  "In deciding whether to appoint counsel, . . . the [court] should first determine whether the indigent's position seems likely to be of substance."  Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor."  Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).  If a plaintiff crosses this initial threshold:

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62.

3

In this case, McCain does not contend that he has been unable to investigate the facts of his case.  Furthermore, there has been no suggestion that cross-examination will be a significant factor, and McCain's substantive legal claims do not present any particular complexities.  Therefore, upon reconsideration, the denial of McCain's motion for appointment of counsel is AFFIRMED.  McCain's related motion for leave to file an untimely reply memorandum (Doc. 69) is unopposed, and is GRANTED.

II.  Motion to Compel

McCain next moves to compel responses to four of his twenty-three requests for admissions.  The items in question pertain to a Burger King supervisor named Deering.  Specifically, McCain asks Burger King to admit (1) that Deering knew Burger King manager "Terry's" sister, and (2) that Deering took disciplinary action against employee Kayla Bothwell.  Burger King objected to the requests as irrelevant.

McCain's pleadings allege that Burger King did not give him as many work hours as he had expected, wrongfully denied him the option of entering into a contract, and allowed him to be subjected to retaliation.  These actions, he claims, were the result of discrimination on the basis of race.  With respect to Deering, McCain claims that Deering reduced his work hours for discriminatory reasons.

4

The Court will compel a response if the information sought is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court also notes that requests for admissions exist to "limit the factual issues in the case." <u>Henry v. Champlain Enters., Inc.</u>, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). In this instance, it is not apparent from McCain's requests, as drafted, how admissions about Deering's knowledge of a person's sister, or disciplinary actions taken against a third-party, might lead to admissible evidence or limit the relevant factual questions in the case. Burger King's objections were therefore valid, and the motion to compel is DENIED.[1]

III. <u>Motion to Amend Complaint</u>

McCain next moves for leave to file an Amended Complaint to add new allegations and defendants, including Burger King's attorney in this case. McCain claims that opposing counsel wrongfully withheld information about "the whereabouts" of various witnesses and discouraged Burger King employees from providing McCain with information, each as a result of an "implicit agreement" and conspiracy with Burger King management. (Doc. 72-1 at 2, 5, 6.) The proposed amendment

---

[1] The Court offers no opinion as to the relevance or admissibility of evidence regarding Deering's alleged actions toward third parties, particularly as those actions may relate to McCain's claims of racism.

would also add new, although largely duplicative, factual allegations against supervisor Deering, and would name Deering and Burger King district manager Jim Rameaka as defendants. The new claims would be brought under 42 U.S.C. § 1985(2), alleging obstruction of justice, and 42 U.S.C. § 1981, claiming denial of the right to "make and enforce contracts," offer evidence, and otherwise enjoy the equal benefit of the law. Id. (quoting 42 U.S.C. § 1981).

Several of McCain's proposed claims amount to allegations of discovery violations. A district court has broad discretion to manage pre-trial discovery, see Wood v. FBI, 432 F.3d 78, 84 (2d Cir. 2005), and may impose sanctions when necessary. See Fed. R. Civ. P. 37(c). Allegations of discovery violations do not, however, provide grounds for an amended pleading. See, e.g., Zigmund v. Tetreault, 1997 WL 695502, at *3 (D. Conn. Oct. 10, 1997) (concluding that "[t]here is no cognizable cause of action for the failure or refusal to comply with a discovery request; the proper recourse is a motion for discovery sanctions"); see also Liberty Leather Corp. v. Callum, 653 F.2d 694, 700 (1st Cir. 1981) (affirming district court's denial of leave to amend to state a tort claim for interference with discovery).

Furthermore, the deadline for joining new parties and amending pleadings expired on June 1, 2013, and McCain did not

file his motion within that deadline.  Nor has he shown good cause for modifying the discovery schedule.  See Fed. R. Civ. P. 16(b)(4).  Any effort to show good cause would be unlikely to succeed, as obstruction of justice "is a criminal charge that does not provide a private cause of action," De Haven v. Schwarzenegger, 123 F. App'x 287, 289 (9th Cir. 2005), and the Court has found no authority for bringing a civil rights claim under Section 1981 based upon discovery violations.

Moreover, claims about counsel's alleged misconduct are highly speculative and conclusory,[2] and amending to add such a claim, and related defendants, would be futile.  See, e.g., Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003) (conclusory, vague, or general allegations of conspiracy to deprive the plaintiff of constitutional rights do not suffice to state a claim under the civil rights laws); Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003) (leave to amend complaint need not be granted if amendment would be futile).  As to Deering, the proposed allegations, as noted above, largely duplicate those set forth in McCain's current pleadings, and McCain has not explained the significant delay in adding Deering as a party.  Finally, the sole claims against Ramaeka are that he attended the Early Neutral Evaluation session in

---

[2] Counsel represents to the court that he has not intimidated or had "contact with any former Burger King employee other than Plaintiff."  (Doc. 73 at 4.)

7

this case, thus allegedly "implicat[ing]" him "into the conspiracy" to obstruct justice. (Doc. 72-1 at 6.) Again, the conspiracy claim is highly conclusory, and good cause does not exist to add such a claim at this time. The motion to amend is therefore DENIED.

## Conclusion

For the reasons set forth above, McCain's motion for reconsideration (Doc. 62) is GRANTED, and the Court's prior rulings on McCain's motion for a court reporter or, in the alternative, appointment of *pro bono* counsel are AFFIRMED. McCain's motion to compel discovery (Doc. 63) is DENIED, and his motion for leave to file an untimely memorandum (Doc. 69) is GRANTED. McCain's motion to amend his Amended Complaint (Doc. 70) is DENIED, and his motion to modify the motion to amend (Doc. 72) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 23rd day of December, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge