UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ZACK McCAIN, | : |
| | : |
|       Plaintiff, | : |
| | : |
|       v. | :   Case No. 1:11-cv-00143-jgm |
| | : |
| JAN COMPANY/BURGER KING, | : |
| | : |
|       Defendant. | : |
| _____ | : |

OPINION AND ORDER
(Doc. 77)

I.    Introduction

Plaintiff Zack McCain, proceeding pro se, alleges employment discrimination against Jan Company/Burger King ("Burger King") and other defendants who have since been dismissed. McCain has moved for partial summary judgment (Doc. 77), which Burger King opposes (Doc. 78). For the reasons below, McCain's motion is denied.

II.    Background

In January 2011, McCain, who is African-American, applied for work at a Burger King restaurant in Colchester, Vermont. (Doc. 77 at 2 ¶¶ 2-3; Doc. 46 ¶ 59.) McCain was hired and alleges he was offered a part-time position as a night porter three shifts a week, but Burger King only gave him two shifts a week. (Doc. 46 ¶ 82). He claims the other night porter, David LaBelle, who is white, had four shifts per week. Id. ¶ 82. According to Burger King, LaBelle was an independent contractor who worked for a flat fee. (Doc. 78-1). McCain's complaint alleges that Burger King ignored his request for an employment contract (which LaBelle had received). (Doc. 46 ¶¶ 94, 101.) After LaBelle was fired in March 2011, Burger King hired Donnie Gordon to replace him. Id. ¶ 95. McCain alleges Burger King gave Gordon, who is white, three shifts per

week to start, which was more than McCain had received when he started work.  Id.  By this time, McCain was working four days a week but alleges he should have received five days "as [Burger King ha[d] done with" LaBelle.  Id. ¶ 97.  He alleges Burger King's "discriminatory acts" interfered with his personal relationships and made it difficult to pay his bills.  (Doc. 77 at 5-6).

III.   Standard of Review

Federal Rule of Civil Procedure 56(a) requires a court to "grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he moving party has the burden of showing that no genuine issue of material fact exists and . . . in ruling on such a motion, the district court must draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment."  Coollick v. Hughes, 699 F.3d 211, 219 (2d Cir. 2012) (internal citation and quotation marks omitted).

IV.   Discussion

McCain seeks partial summary judgment on his claims under 42 U.S.C. §§ 1981-1982.  See Doc. 77 at 1; Doc. 46 ¶¶ 126-28.  He argues Burger King deprived him of his rights under § 1982 by refusing to give him the same opportunity as the "similarly situated" other night porter, David LaBelle.  (Doc. 46 ¶ 128.)  He also alleges Burger King "failed to adhere to their promise" by only giving him work two days a week, not three days, during the winter of 2011.  (Doc. 77 at 6.)

In short, McCain has not satisfied his burden here.  Construing the factual assertions in the light most favorable to Burger King, the Court finds material facts in dispute -- namely, whether McCain was actually denied equal work opportunities and whether he was similarly situated to LaBelle, the independent contractor.  Based on the facts presented, a reasonable jury could return a verdict for Burger King.  See, e.g., Fischl v. Armitage, 128 F.3d 50, 56 (2d Cir. 1997) ("If, as to the

issue[s] on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.") (internal quotation marks and citation omitted).  Accordingly, summary judgment for McCain is inappropriate.

      For the reasons above, McCain's motion (Doc. 77)  is DENIED.

      SO ORDERED.

      Dated at Brattleboro, in the District of Vermont, this 29th day of May, 2014.

                                      /s/ J. Garvan Murtha
                                      Honorable J. Garvan Murtha
                                      United States District Judge